IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JAMES M. SINGER, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 16-579 |
| DAVID HECKLER, Chairman of the Pennsylvania Child Protection Task Force, *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Presently pending before the Court is the plaintiff's "Motion to Request Extension of Time for Refiling and to Correct Court Record and Rectify Legal Issues Not Included in Order" (ECF No. 8). Because this motion is presented in the context of a convoluted history of litigation, and because the motion evidences plaintiff's misunderstanding about the current posture of his case, some commentary is warranted.

Plaintiff is an individual who formerly practiced as a licensed psychologist. In April 1989, the Pennsylvania Bureau of Profession and Occupational Affairs, State Board of Psychology (the "Board") instituted formal disciplinary proceedings against him, which culminated in an indefinite suspension of his license. *See generally Singer v. Bd. of Prof'l and Occupational Affairs, State Bd. of Psychology*, 633 A.2d 246 (Pa. Commw. Ct. 1993).

Plaintiff has consistently maintained that these proceedings were initiated in retaliation for reports he made about suspected child abuse and, to that end, he has filed numerous federal lawsuits challenging the Board's prosecution and the resulting suspension of his license. *See Singer v. Lewis*, No. 1:91–CV–00859 (M.D. Pa. filed July 2, 1991); *Singer v. Mitchell*, No. 3:94–

CV–01761 (M.D. Pa. filed Oct. 27, 1994); *Singer v. Mitchell*, No. 4:03–CV–01085 (M.D. Pa. filed July 2, 2003); *Singer v. Dunnewold*, No. 3:06–CV–01412 (M.D. Pa. filed July 19, 2006); *Singer v. Bowman*, No. 1:08–CV–01999 (M.D. Pa. filed Nov. 4, 2008); *Singer v. Bureau of Prof'l & Occupational Affairs*, No. 3:12–CV–00527 (M.D. Pa. filed Mar. 23, 2012); *Singer v. Bureau of Prof'l and Occupational Affairs*, No. 3:CV–13–3059 (M.D. Pa. filed Dec. 19, 2013) ("*Singer VII*"); *Singer v. Heckler*, No. CV 14-1598, 2015 WL 8992438, at *1 (W.D. Pa. Dec. 16, 2015), *reconsideration denied*, No. CV 14-1598, 2016 WL 397468 (W.D. Pa. Feb. 2, 2016) ("*Singer VIII*"). The district court previously observed in *Singer VII* that,

> [i]n each of these seven lawsuits, [plaintiff] has alleged constitutional violations related to the suspension of his license to practice psychology in 1992, including the investigation and prosecution of that administrative action before the Board, his unsuccessful attempt to obtain an unconditional reinstatement of his license, and his unsuccessful attempt to initiate an official investigation into and criminal charges against an ever–growing list of alleged co–conspirators intent on retaliating against him for reporting suspected child abuse twenty–five years ago.

*Singer VII*, 2014 WL 2048159 at *8.

This Court presided over *Singer VIII*, Case No. 14-1598 (W.D. Pa.), in which plaintiff sued David Heckler ("Heckler"), Chairman of the Pennsylvania Child Protection Task Force, and the Task Force's other unidentified members under 42 U.S.C. § 1983. In that lawsuit, plaintiff alleged that the named defendants had violated his federal rights to due process, equal protection, or freedom of speech.

On December 16, 2015, the court dismissed the complaint in *Singer VIII* with prejudice because it failed to state a claim upon which relief could be granted and because the deficiencies in the complaint were incurable by way of further amendment. *See Singer VIII,* Case No. 2:14-cv-1598-JFC (W.D. Pa. Dec. 16, 2015) (ECF Nos. 19 and 20), reported at 2015 WL 8992438. Thereafter, plaintiff filed a "Motion for Reconsideration," *see id.* at ECF No. 21, a "Motion to Reopen Case and Add Defendants," *id.* at ECF No. 29, and a document with the heading

"Introductory Statement," which appeared to be in the nature of a new pleading and which was docketed on January 13, 2016 as an "Amended Complaint." *See id.* at ECF No. 28. On February 2, 2016, the court issued a memorandum opinion denying plaintiff's motions. *See id.* at ECF No. 34, reported at 2016 WL 397468. The court ruled that, "[a]t this procedural juncture, there is no basis for allowing [plaintiff] to reopen the case, add new defendants, and broaden the scope of his claims." *Id.* at p. 9, 2016 WL 397468, at *5.

Undeterred, plaintiff commenced the instant action on May 10, 2016 by re-filing, at this docket number, the very same pleading that he had belatedly filed on January 13, 2016 in *Singer VIII*. The complaint names as defendants:

(i) Heckler,

(ii) the Pennsylvania Bureau of Professional and Occupational Affairs, State Board of Psychology ("Board of Psychology'),

(iii) the Pennsylvania Office of Attorney General ("OAG")

(iv) Peter Marks, Esq. ("Marks"), Executive Deputy Chief Counsel for the Pennsylvania Department of State ("Department of State");

(v) Ruth Dunnewold, Esq. ("Dunnewold"), Senior Deputy General Counsel for the Department of State;

(vi) Judith Schulder, Esq. ("Schulder"), counsel for the Board of Psychology;

(vii) David Tyler ("Tyler"), Director of Governmental Affairs, Legislative Liaison, and Chief Operating Officer for the OAG, and formerly the Executive Director of the Pennsylvania State House Judiciary Committee; and

(viii) Sandra Stoner, Esq. ("Stoner"), Deputy Attorney General for the Commonwealth of Pennsylvania.

In his complaint, plaintiff alleges "recent continuing violations related [to] ongoing misconduct by all officials in their individual and professional capacities under color of law," including "violations to retaliate against Plaintiff, or obstruct justice, based solely on Singer's mandated report of suspected child abuse and his subsequent refusal to admit any wrongdoing in the

3

matter." (Compl. ¶2, ECF No. 2.) Apart from Heckler,[1] none of the defendants named in this lawsuit were previously sued in *Singer VIII*. *See Singer v. Heckler,* Case No. 2:14-cv-1598-JFC, amended complaint (ECF No. 7).

Notably, plaintiff commenced this litigation without first paying the filing fee or submitting an application to proceed *in forma pauperis*. Accordingly, this court ordered plaintiff to do so by August 20, 2016. (*See* Order dated July 21, 2016, ECF No. 5.)

Thereafter, on August 6, 2016, plaintiff filed a document styled "Motion to Request Extension of Time for Refiling and Specific Clarification of Issues Specified in Motions, But Legal Issues Not Included in Order" (ECF No. 6). In that motion, plaintiff sought "at least a 90 to 120 day" extension of the court's deadline due to "severe extenuating circumstances," including numerous medical issues. (*Id.* ¶1 and p. 3.) He also complained about statements that had been made by opposing counsel in *Singer VIII*. (*Id.* ¶7.) He insisted that "serious crimes specified in [his] complaint should have been exposed" in connection with the prior litigation (*id.*), and he asked the court "before taking any further action," to "please resolve all critical issues noted in [his] legal filings, including keeping open the statute of limitations and allowing service of this complaint..." (*Id.* ¶9.)

By order entered on August 16, 2016 (ECF No. 7), this court granted plaintiff's motion to the extent that it gave him an additional thirty days in which to either pay the required filing fee or submit a completed nonprisoner application to proceed *in formal pauperis*. The court declined to address at that time any substantive issues concerning the timeliness or merits of plaintiff's claims; it noted that, "before any further action can be taken with respect to this civil action, [p]laintiff must first comply with the court's previous directive that he pay the requisite

---

[1] Although Heckler is named as a defendant in this litigation, the complaint does not direct any of its five counts against him.

filing fee or submit an application to proceed *in forma pauperis*." (Order at 2.) Although the court granted plaintiff an additional thirty days (i.e., until September 15, 2016) in which to fulfill this directive, it expressly admonished that no further extensions would be granted and that plaintiff's failure to comply with the terms of the order would result in a dismissal of the action without prejudice. (*Id.*)

On September 13, 2016, plaintiff filed a motion for leave to proceed *in forma pauperis* (ECF No. 9). After reviewing the motion and examining plaintiff's supporting financial information, the court denied the motion. (*See* Order dated Sept. 20, 2016, ECF No. 10.)

In the meantime, plaintiff filed the currently pending "Motion to Request Extension of Time for Refiling and to Correct Court Record and Rectify Legal Issues Not Included in Order" (ECF No. 8). This motion appears to be born of concerns that the claims plaintiff is presently asserting will be subject to a statute-of-limitations defense. Plaintiff appears to believe that, because he previously filed the instant pleading on January 13, 2016 as a "response" to certain arguments lodged by defense counsel relative to the motion for reconsideration in *Singer VIII*, his complaint in this case should therefore be deemed as having been "filed" on January 13, 2016, and he should be permitted to pursue this litigation without the payment of a separate filing fee. (See Pl.'s Mot. ¶¶ 13, 16-18, 23-26.) Plaintiff requests that this court "resolve all critical issues noted in [his] legal filings, including keeping open the statute of limitations and allowing service of this complaint, ... *before taking any further action.* (Pl.'s Mot. ¶26.) He further requests that the court grant "at least a 90 to 120 day postponement of the filing deadline of September 16, 2016 ... depending on Plaintiff Singer's progress on several levels, without jeopardizing his pending case...." (*Id.*)

Plaintiff's request is misguided. As matters presently stand, plaintiff has been denied *in forma pauperis* status, and he has still not paid the requisite filing fee in this case, despite the fact that this litigation has now been pending for over six months. Because of plaintiff's failure to pay the filing fee, the complaint has not yet been served, much less challenged by way of a Rule 12(b) motion. Given these circumstances, the court considers it inappropriate to rule on the merits or timeless of plaintiff's claims at this juncture. Accordingly, the court declines plaintiff's request to "resolve all critical issues noted in [his] legal filings, including keeping open the statute of limitations and allowing service of this complaint...." (Pl.'s Mot. ¶26.)

The court is also not persuaded that the filing fee for this case should be waived merely because plaintiff attempted, inappropriately, to interject his current claims into the post-dismissal proceedings of *Singer VIII*. The amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. That rule allows a plaintiff to amend his pleading once "as a matter of course" under certain specified circumstances; in all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although leave to amend should be "freely give[n]... when justice so requires," *id.*, it is well recognized that leave may be denied on the grounds of (among other things) undue delay, prejudice to the opposing party, or futility of the amendment. *See Alvin v. Suzuki,* 227 F.3d 107, 121 (3d Cir. 2000). In *Singer VIII,* this court refused to recognize the "Amended Complaint" filed on January 13, 2016 as a valid and operative pleading. The court's refusal in this regard was justified by the fact that: (i) plaintiff had not sought or obtained leave to amend his pleading; (ii) plaintiff's filing of the "Amended Complaint" was procedurally inappropriate in light of the court's prior order dismissing the lawsuit and closing the case; and (iii) any request by plaintiff for leave to amend would have been denied on grounds of futility, undue delay,

and/or prejudice. In short, plaintiff did not validly amend his pleading in *Singer VIII* when he filed his "Amended Complaint" on January 13, 2016, and he is mistaken in assuming otherwise.

Moreover, insofar as plaintiff was attempting to respond to arguments raised by defense counsel in *Singer VIII,* the filing of an amended pleading with entirely new claims was not the appropriate mechanism for doing so. If plaintiff felt the need to respond to defense counsel's arguments, it was incumbent upon him to include all relevant points in his reply brief, and the court provided him ample opportunity to do so. To the extent plaintiff's post-dismissal filings in *Singer VIII* raised arguments in favor of a reconsideration of the court's prior dismissal order or a reopening of the case, the court fully considered and addressed those arguments in its February 2, 2016 Memorandum Opinion. The court's rulings in *Singer VIII* are now the subject of an appeal before the United States Court of Appeals for the Third Circuit. In the event plaintiff can demonstrate errors in this court's prior rulings, those errors can appropriately be addressed in the appellate venue. This civil action is not the proper venue for doing so and his motion will be denied.

Dated: October 24, 2016   /s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge